IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TANIKKA MILLER, | § | |
| | § | No. 347, 2016 |
| Petitioner Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 1408007717A |
| | § | |
| Respondent Below- | § | |
| Appellee. | § | |

Submitted: September 6, 2016
Decided: November 1, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 1st day of November 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Tanikka Miller, filed this appeal from the Superior Court's denial of her petition for return of property. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Miller's opening brief that her appeal is without merit. We agree and affirm.

(2) In August 2014, Booker T. Martin and two codefendants were arrested immediately following the armed robbery of a Dollar General store

in Georgetown, Delaware. After a four-day trial, the jury convicted the defendants of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony, Resisting Arrest, and related offenses. Martin's counsel filed a post-trial motion for judgment of acquittal, which the Superior Court granted. All of the charges against Martin, except for Resisting Arrest, were dismissed.

(3) At the time of his arrest, the police had seized $896 found in Martin's right front pocket. The money was arranged by denominations in three separate bundles. After his case was dismissed, Martin never sought return of the money that was seized. On March 31, 2016, however, Miller filed a motion for return of property claiming that the money belonged to her.

(4) The Superior Court held a hearing on Miller's petition in May 2016. After the hearing, the Superior Court gave Miller two weeks to provide bank documents to support her claim that she had withdrawn the money from her bank account in three different transactions over the course of three days and had given the money to Martin to purchase things for her home. On June 7, 2016, after Miller failed to provide the documentation to support her claim, the Superior Court issued an order denying her motion for return of property, finding her claim that the money belonged to her was not

credible. After issuing its order, the Superior Court received Miller's letter, which enclosed a packet of documents. The Superior Court noted that the information provided did not include the requested banking records to support Miller's claim of ownership. Accordingly, the Superior Court again held that the motion for return of property was denied. This appeal followed.

(5) In her one-page opening brief on appeal, Miller contends that the Superior Court erred in denying her motion for return of property because Martin ultimately was acquitted of the robbery charges and because the money seized from Martin at the time of his arrest did not match the amount of money stolen from the Dollar General.

(6) Under Superior Court Criminal Rule 41(e), a "person aggrieved by the deprivation of property seized by the police may move the court for the return of the property on the ground that such person is entitled to lawful possession of the property."[1] The burden is on the movant to show that she "is the lawful owner of the property."[2]

(7) In this case, the record is insufficient to review Miller's claim that the Superior Court erred in failing to find that she is the lawful owner of

---

[1] Del. Super. Ct. Crim. R. 41(e) (2016).

[2] *Doran v. State*, 1999 WL 1425006, *1 (Dec. 28, 1999).

the money seized from Martin incident to his arrest. Miller failed to request preparation of the transcript of the Superior Court's hearing on her motion for return of property. Her failure to include adequate transcripts of the proceeding, as required by the rules of the Court, precludes appellate review of her claim of error in the proceedings below.[3] The only evidence in the record before us provides no basis to overturn the Superior Court's determination that Miller's claim of ownership was not credible.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
                    Justice

---

[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).